18738—East Cleveland (City) v. Board of Education of East Cleveland; error to Cuyahoga Appeals. E. A. Binyon, East Cleveland, for plaintiff; C. C. Crabbe, Columbus, for defendant.

18739—C. B. Stannard v. State of Ohio; motion to direct Cuyahoga Appeals to certify record. Dowling, Dowling & Moriarity, Cleveland, for plaintiff; E. C. Stanton, Cleveland, for defendant.

### Aug. 1

18740—Ohio Bell Telephone Co. v. Watson Co.; motion to direct Trumbull Appeals to certify record; error to Trumbull Appeals. Tolles, Hogsett & Morley, Cleveland, and Fillus & Fillus. Warren, for plaintiff; H. H. Wickham, Youngstown, for defendant..

### Aug. 2

18741—Dayton (City) v. Public Utilities Commission of Ohio; error to the Public Utilities Commission. W. C. McConnaughey and J. B. Harshman, City Attorney, Dayton, for plaintiff; C. C. Crabbe, Atty. Gen., and J. W. Bricker, Columbus, for defendant.

### Aug. 4

18742—A. D. Darby v. Osbert D. Tiffany et al; motion to direct Lucas Appeals to certify record. Lee A. Schmick, Toledo, for plaintiff; Kirkbride & McCabe. Toledo, for defendant.

18743—Ida M. Helmreich v. Osbert D. Tiffany et al; motion to direct Lucas Appeals to certify record. E. E. Lindsay, New Philadelphia. for plaintiff; Kirkbride & McCabe, Toledo, for defendants.

18744—American Export & Inland Coal Corporation v. Mathews Addy Co.; motion to direct Hamilton Appeals to certify record. W. K. Sibbald and S. R. Ducker, Cincinnati, for plaintiff; N. B. Cramer, Cincinnati, for defendant.

### Aug. 5

18745—Akron (City), Barberton (City), Cuyahoga Falls (City) v. Public Utilities Commission of Ohio; error to Public Utilities Commission. H. M. Hagelbarger, O. T. Moore, O. D. Everhard and N. G. White, for the plaintiffs; C. C. Crabbe, Atty. Gen., and J. W. Bricker, Columbus, for defendant.

18746—Guy Longbrake v. State of Ohio; motion to direct Logan Appeals to certify record. Mackenzie, Weadock, Mackenzie & Landis. Lima, for plaintiff; C. K. Campbell, Bellefontaine, for defendant.

# Weekly Abstract Of Pending Cases

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

### No. 473
### SEIBERT v. SEIBERT

No. 18631.  Supreme Court of Ohio
On motion to direct Champaign Appeals to certify record.
Docketed June 24, 1924.  2 Abs. 404
465.  ERROR—1. In reversing and modifying judgment of Common Pleas.
2. In ignoring 8032 GC.
3. In violating rule 9 of Appeals Court.

Benjamin E. Seibert, as plaintiff, secured a divorce from the defendant and the custody of their four year old child was awarded to him every other week until September 1, 1925. He was ordered to pay to her $785.26 and additional support for the child. The cash payment was made to her, and thereafter she filed error petition in the Court of Appeals. Whereupon it modified the judgment and gave the custody of the child to her with the exception of a short time during the summer. He claims error for the following reasons:

1. That the Common Pleas Court judgment was not subject to error proceedings unless there was an abuse of discretion in rendering it.

2. As the plaintiff in error had not predicated error upon abuse of discretion, either in his motion to set aside the judgment and for a new trial, or in the petition in error, the Appeals Court had no jurisdiction to review, hear or determine the same.

3. That the payment by the terms of the judgment of the Common Pleas was made a condition precedent to the custody of the child, and that the failure to return the same estopped the defendant from prosecuting error in the case.

4. That the Court of Appeals totally ignored 8032 GC. which provides that the parents shall be on an equality as to the care, custody and control of the offspring under ten years of age.

5. That the defendant did not, within five days, prepare and submit to the plaintiff a journal entry as required by rule 9 relating to journal entries of the Appeals Court.

Attorneys—Benjamin E. Seibert, Urbana, for himself; McGrew & Laybourne, Springfield, and Deaton, Bodey & Bodey, Urbana, contra.